IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES E. SZULCZEWSKI,

    Plaintiffs,

  v.

DR. CHRISTOPHER GREEN, M.D., *et al.*,

    Defendants.

ORDER

Case No. 15-cv-607-wmc

Plaintiff James E. Szulczweski has filed a *pro se* complaint in which he alleges that he was severely injured during an emergency visit to the University of Wisconsin Hospital on July 4 and 5, 2013. He has named several state employees as defendants and asserts claims under the United States and Wisconsin Constitutions and several state and federal statutes.

Defendants removed the action from state court in accordance with 28 U.S.C. § 1441 and 1446; they have paid the filing fee in full. In conjunction with their removal petition, defendants filed a "motion for screening of complaint," requesting that the court screen the complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. (Dkt. #2). Defendants maintain that the complaint should be screened because plaintiff is a "prisoner" for purposes of § 1915A.

The court, however, is not convinced that § 1915A applies to plaintiff. That statute requires the court to screen complaints "in which a *prisoner* seeks redress" from a governmental defendant. "Prisoner" is defined as:

> any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A(c).

According to the complaint, plaintiff is a patient at Mendota Mental Health Institute and was civilly-committed pursuant to Wis. Stat. § 971.17. Because that statute applies to individuals who have been found not guilty of a criminal offense by reason of mental disease or defect, plaintiff is arguably confined because he was "accused of" a crime. On the other hand, plaintiff has been found "not guilty" of the crime for which he was accused, meaning that he technically no longer stands "accused" of a crime. Moreover, § 1915A refers to a person "who *is* accused of" a crime, not one who was so accused.

The Seventh Circuit has not yet addressed whether a plaintiff civilly-committed under these circumstances is subject to § 1915A, and there appears to be a split among other courts regarding whether § 1915A applies on these facts. The Eighth Circuit has concluded that patients civilly committed after being found not guilty as a result of mental defect are not prisoners under § 1915A. *See Phelps v. Lynch*, No. 15-1286, 2015 WL 3371885, at *1 (8th Cir. May 26, 2015) (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001)). Other courts have concluded that such patients are "prisoners." *E.g., Magnuson v. Arizona State Hosp.*, No. CV09-1523PHXMHM, 2010 WL 283128, at *1 (D. Ariz. Jan. 20, 2010); *Mullen v. Surtshin*, No. C 03-3676 RMW (PR), 2008 WL 2326302, at *7 (N.D. Cal. June 3, 2008).

Before deciding whether plaintiff's complaint should be screened under § 1915A, the court will give the parties an opportunity to address this issue. In particular, defendants are directed to file a brief explaining why they believe plaintiff qualifies as a "prisoner" under § 1915A in light of his status. The plaintiff will then have an opportunity to respond.

One additional matter requires attention. Plaintiff cites the Wisconsin Constitution in support of his claims, but the state constitution does not authorize suits for money damages, except in the context of a takings claim. *W.H. Pugh Coal Co. v. State*, 157 Wis. 2d 620, 634-35, 460 N.W.2d 787, 792-93 (1990) (holding that plaintiff could sue state for

money damages arising from unconstitutional taking of property because article I, section 13 of the Wisconsin Constitution requires that state provide "just compensation" when property is taken); *Jackson v. Gerl*, 2008 WL 753919, *6 (W.D. Wis. 2008) ("Other than one very limited exception inapplicable to this case, I am not aware of any state law provision that allows an individual to sue state officials for money damages arising from a violation of the Wisconsin Constitution."). With respect to injunctive relief, sovereign immunity principles also prohibit federal courts from enjoining state officials under state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). This limitation applies not just to injunctions, but to declaratory relief as well. *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 778 (7th Cir. 1991).

These limitations seem to leave plaintiff with no remedy in this court under the Wisconsin Constitution. Accordingly, the parties should address in their briefs whether, at minimum, plaintiff's claims for alleged violations of the Wisconsin Constitution should be remanded to state court.

ORDER

IT IS ORDERED that defendants have until October 20, 2015 to file a brief explaining why the court should screen plaintiff's complaint under 28 U.S.C. § 1915A and why the court should not remand plaintiff's claims under the Wisconsin Constitution to state court. Plaintiff may have until October 30, 2015 to file a response brief.

Entered this 13th day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge