IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES E. SZULCZEWSKI,

    Plaintiffs,

  v.

DR. CHRISTOPHER GREEN, M.D., *et al.,*

    Defendants.

ORDER

Case No. 15-cv-607-wmc

---

Plaintiff James E. Szulczweski has filed a *pro se* complaint in which he alleges that he was severely injured during an emergency visit to the University of Wisconsin Hospital on July 4 and 5, 2013. He has named several state employees as defendants and asserts claims under the United States and Wisconsin Constitutions and several state and federal statutes. Defendants removed the case to federal court on September 22, 2016.

Plaintiff is civilly committed patient at the Mendota Mental Health Institute and has had difficulty understanding the procedural posture of this case, as well as his responsibilities as a plaintiff in a federal lawsuit. In an order dated February 25, 2016, this court told plaintiff that it would consider recruiting counsel to represent him in this lawsuit if he was able to show that: (1) he is financially unable to recruit counsel on his own; (2) he has made reasonable attempts to find counsel on his own but has been unsuccessful; and (3) the complexity of the case exceeds the plaintiff's ability to litigate. (Dkt. #11) (citing *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). Plaintiff has satisfied the first and third requirements, but he has not yet submitted proof that he unsuccessfully attempted to find counsel on his own. During a telephonic preliminary pretrial conference held today, I told plaintiff that the court would recruit counsel for him as soon as the court received such proof.

It became clear during the telephone conference, however, that plaintiff was struggling to communicate effectively with the court. Plaintiff was concerned about his ability to prove that he had contacted lawyers who had refused to represent him and had trouble understanding the court's instructions about how we would try to work through this. Plaintiff proffered that he had made oral attempts to recruit counsel with assistance from a paralegal at MMHI–he even identified one of the attorneys by name–but plaintiff was unclear about why this information had not been communicated to the court.

Upon further consideration, I conclude that it plaintiff has done enough. It is clear that plaintiff will struggle to meet the court's usual procedural requirements, which would only delay the court's already-announced decision to seek a volunteer attorney to assist plaintiff. Imposing any further prerequisites on plaintiff in this case would glorify form over substance. Accordingly, I am waiving the requirement that plaintiff submit evidence that he has made reasonable attempts to find counsel on his own. Instead, the court will stay the case and look for counsel to represent plaintiff.

Initially, the court will appoint counsel for the limited purpose of drafting an amended complaint that clearly sets out plaintiff's claims. If the recruited attorney chooses to continue representing plaintiff after the pleading stage, then that attorney may do so. Additionally, if the court finds that plaintiff continues to need the assistance of counsel after the pleading stage, then the court either will ask the recruited attorney if s/he is willing to continue to represent plaintiff, or the court will attempt to recruit counsel who will be able to represent plaintiff for the remainder of the case.

ORDER

IT IS ORDERED that this case is STAYED pending recruitment of counsel for plaintiff James Szulczweski. If the court finds counsel willing to represent plaintiff, the court will advise the parties.

Entered this 1st day of June, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge